UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WINDZER FLEURISSAINT, | ) | 1:09-cv—00572-OWW-SKO-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | TO DISMISS PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS PURSUANT TO 28 |
| v. | ) | U.S.C. § 2241  (Doc. 1) |
| | ) | |
| H. A. RIOS, JR., Warden, | ) | OBJECTIONS DEADLINE: |
| | ) | THIRTY (30) DAYS |
| Respondent. | ) | |
| | ) | |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I.  Background

Petitioner is challenging his 2005 convictions in the United States District Court for the Southern District of New York of conspiracy to commit robbery, attempted robbery, conspiracy to distribute and possess marijuana with intent to distribute it, and possession and carrying of a firearm during a crime of violence.  (Pet. 18.)  Petitioner was in the custody of the Bureau of Prisons (BOP) at the United States Penitentiary at

1

Atwater, California, at the time he filed the petition.  (Pet. 1.)  Petitioner presently is in the custody of the Talladega Federal Correctional Institution in Talladega, Alabama.  (Doc. 7.)

On March 30, 2009, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner asserts that his sentence was illegal and unconstitutional because it was based on inaccurate findings concerning prior convictions resulting from improper proceedings, and it was erroneous with respect to concurrent sentences and assessment fees.  (Pet. 15.)

II.  <u>Analysis</u>

A federal prisoner who wishes to challenge his conviction or sentence on the grounds it was imposed in violation of the Constitution or laws of the United States or was otherwise subject to collateral attack must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  28 U.S.C. § 2255; <u>Stephens v. Herrera</u>, 464 F.3d 895, 897 (9th Cir. 2006); <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir. 1988).  In such cases, the motion must be filed in the district where the defendant was sentenced because only the sentencing court has jurisdiction.  <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000); <u>Tripati</u>, 843 F.2d at 1163.  Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  <u>Stephens v. Herrera</u>, 464 F.3d 895, 897 (9th Cir. 2006); <u>Tripati</u>, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner,

location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 only if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the legality of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that the exception is narrow. Id; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of a successive motion pursuant to § 2255 did not render such motion procedure an ineffective or inadequate remedy so as to authorize a federal prisoner to seek habeas relief); Aronson v. May, 85 S.Ct. 3, 5 (1964) (denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (noting that a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by filing a petition for writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner proceeding pursuant to § 2241 fails to meet his burden to demonstrate that the § 2255 remedy is inadequate or ineffective, then the § 2241 petition will be dismissed for lack of jurisdiction. Ivy v. Pontesso, 328

3

F.3d 1057, 1061 (9th Cir. 2003).

In this case, Petitioner challenges the underlying sentence imposed on him, including the sentencing court's use of prior convictions and its imposition of assessment fees with respect to concurrent sentences.  Because Petitioner is alleging errors in his sentence, and not errors in the administration of his sentence, the Court concludes that Petitioner is not entitled to relief under § 2241.

In addition, Petitioner makes no claim that § 2255 is inadequate or ineffective.  Should the Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate or set aside pursuant to 28 U.S.C. § 2255.[1]

The petition must be dismissed.

III.  <u>Recommendation</u>

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle Petitioner to relief under 28 U.S.C. § 2241.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where the petitioner was originally sentenced.*  In this case, Petitioner challenges convictions and sentences adjudicated in the United States District Court for the Southern District of New York.

4

should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 25, 2010**                       /s/ Sheila K. Oberto
                                                   UNITED STATES MAGISTRATE JUDGE